UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 3:06-cr-14-01-RLY/WGH |
| | ) | |
| JARVIS BROWN, | ) | |
|     Defendant. | ) | |

**ENTRY ON PENDING MOTIONS**

Before the court are nine (9) motions filed by Defendant related to the Government's Notice of Intent[1] to Seek the Death Penalty. They are: (1) Defendant Brown's Motion for Specification of Factual Basis for Gateway Intent Factors and Points of Law; (2) Defendant Brown's Motion to Strike Notice of Intent to Seek the Death Penalty, and Supplemental Notice of Intent to Seek the Death Penalty, and Second Supplemental Notice of Intent to Seek the Death Penalty As the Government's Notice Improperly Alleges All Four (4) Mental States With Regard to Each of the Four (4) Death-Eligible Offenses; (3) Defendant Brown's Motion to Strike Statutory Aggravating Factors – Grave Risk of Death – From the Notice of Intent to Seek the Death Penalty; (4) Defendant Brown's Motion to Strike Statutory Aggravating Factor – Serious Physical

---

[1] It bears noting that the Government has also filed a Supplemental Notice of Intent to Seek the Death Penalty and a Second Supplemental Notice of Intent to Seek the Death Penalty. For simplicity's sake, the court will refer to these documents collectively as the "NOI."

Abuse – From the Notice of Intent to Seek the Death Penalty; (5) Defendant Brown's Motion to Strike Statutory Aggravating Factors – Pecuniary Gain – From the Notice of Intent to Seek the Death Penalty; (6) Defendant Brown's Motion to Strike Non-Statutory Aggravating Factor – Future Dangerousness – From the Notice of Intent to Seek the Death Penalty, the Supplemental Notice of Intent to Seek the Death Penalty, and the Second Supplemental Notice of Intent to Seek the Death Penalty; (7) Defendant Brown's Motion to Strike Multiple Non-Statutory Aggravating Circumstances From the Notice of Intent to Seek the Death Penalty – Relevance, Reliability, Probative Value, and Duplication; (8) Defendant Brown's Motion to Strike Non-Statutory Aggravating Circumstance – Victim Impact – From the Notice of Intent to Seek the Death Penalty; and (9) Defendant Brown's Motion for Restrictions on Admission of Victim Impact Evidence and Points of Law.  The court will address each, in turn, below.

**I.      The FDPA**

A brief synopsis of the Federal Death Penalty Act, 18 U.S.C. § 3591 *et seq*. ("FDPA"), may be helpful prior to addressing the Defendant's pending motions.

Assuming that a defendant is convicted of a death-eligible offense, the case moves into the penalty phase.  During that phase, the Government must first establish that the defendant had the mental state described in at least one of the four gateway intent factors listed in 18 U.S.C. § 3591(a)(2)(A)-(D).  These factors require proof that the defendant:

    (A)    intentionally killed the victim;

    (B)    intentionally inflicted serious bodily injury that resulted in the death of the

      victim;

(C)    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act; or

(D)    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

Next, the Government must prove the existence of at least one statutory aggravating factor enumerated in 18 U.S.C. § 3592(c). The statutory aggravating factors relevant to the pending motions include: (1) grave risk of death to one or more persons in addition to the victim of the offense, 18 U.S.C. § 3592(5); (2) heinous, cruel, or depraved manner of committing the offense, 18 U.S.C. § 3592(6); and (3) commission of the offense for pecuniary gain, 18 U.S.C. § 3592(8). If the Government proves these two essential elements – at least one gateway intent factor and at least one statutory aggravating factor – the jury then weighs the existence of any non-statutory aggravating factors against any mitigating factors in order to arrive at a recommended sentence. 18 U.S.C. § 3593(e). The non-statutory aggravating factors relevant to the pending motions include: (1) future dangerousness; (2) a prior juvenile conviction; and (3) victim impact evidence.

**II.    Defendant Brown's Motion for Specification of Factual Basis for Gateway Intent Factors and Points of Law and Defendant Brown's Motion to Strike Notice of Intent to Seek the Death Penalty, Supplemental Notice of Intent to Seek the Death Penalty, and Second Supplemental Notice of Intent to Seek the Death Penalty As the Government's Notice Improperly Alleges All Four (4) Mental States With Regard to Each of the Four (4) Death-Eligible Offenses**

These two motions assert that the Government's Notice of Intent to Seek the Death Penalty unfairly asserts all four (4) mental states, thus depriving him of reasonable notice of the charge the Government is going to bring and against which he must defend, in violation of the Defendant's Fifth and Sixth Amendment rights.  The Defendant made an identical argument in his Motion to Strike Original, Supplemental, and Second Supplemental Notices of Intent to Seek the Death Penalty for Lack of Fair Notice (Docket # 233).  For the reasons set forth in the court's Entry denying the same (Docket # 360), Defendant's present motions are **DENIED**.

**III.    Defendant's Motion to Strike Statutory Aggravating Factors – Grave Risk of Death – From the Notice of Intent to Seek the Death Penalty**

The NOI generally alleges that the Defendant, during the murders of Ricky Green and Jahi Bell, "knowingly created a grave risk of death to one or more persons in addition to [Ricky Green/Jahi Bell] [18 U.S.C. § 3592(c)(5)]."  (*See* Notice of Intent to Seek the Death Penalty ("NOI"), Docket # 72, Section B. ¶¶ 1-2).  The Defendant argues that the "grave risk of death" statutory aggravating factor as alleged in the Government's NOI is unconstitutionally vague.  (*Id*.).

The Court in *United States v. Burnette*, 211 F.3d 803, 819-20 (4th Cir. 2000), citing *Gregg v. Georgia*, 428 U.S. 153, 202 (1976), found that although the "grave risk of

4

death" factor "may by unconstitutionally vague," if applied appropriately to the specific facts of the case, is constitutionally permissible. *Id*. In order to apply the factor appropriately, "grave risk of death" must be viewed as "'a significant and considerable possibility' and as placing other persons in a 'zone of danger.'" *Id*. (quoting the district court's jury instruction).

The Third Superseding Indictment alleges that on December 20, 2005, the Defendant murdered Ricky Green during the commission of a robbery on Sutherland Avenue in Indianapolis, Indiana. (Third Superseding Indictment, Count I, Overt Acts ¶ 3). During the robbery, the Defendant brandished an SKS assault rifle, robbed an individual at gunpoint, and fired the rifle multiple times. (*Id*., Overt Acts ¶ 3). The Third Superseding Indictment also alleges that on December 26, 2005, the Defendant murdered Jahi Bell during the commission of a robbery on Lincoln Avenue in Evansville, Indiana. (*Id*., Count XV; Count I, Overt Acts ¶ 6). During that robbery, the Defendant brandished his weapon inside the residence and shot an individual in the leg. (*Id*., Count I, Overt Acts ¶ 6). The Government further contends that the Defendant pointed the rifle at and threatened Jahi Bell's juvenile son. When measured by this definition, the statutory aggravating factor is not unconstitutionally vague, as these acts place others within a zone of danger of grave risk of death. *Id*. at 820; *United States v. Walker*, 910 F.Supp. 837, 850 (N.D.N.Y. 1995); *United States v. McVeigh*, 944 F.Supp. 1478, 1490 (D. Colo. 1996). In addition, the court intends to issue a clarifying instruction about how the factor applies in the factual context of this case. This additional safeguard, as requested by

Defendant, will adequately protect the Defendant's constitutional rights. Accordingly, the Defendant's motion to strike the "grave risk of death" statutory aggravating factor from the NOI is **DENIED**.

### IV.     Defendant Brown's Motion to Strike Statutory Aggravating Factor – Serious Physical Abuse – From the Notice of Intent to Seek the Death Penalty

The NOI alleges that "[Defendant] committed the murder of Vanessa Hankins (Count Seventeen) in an especially heinous, cruel, or depraved manner, in that the Hankins['] murder involved serious physical abuse to the victim [18 U.S.C. § 3592(c)(6)]." (NOI, Section B ¶ 4). In this motion, Defendant argues that the "serious physical abuse" statutory aggravating factor "fails to adequately narrow the class of murderers eligible for the death penalty" and thus, should be stricken. (Defendant's Motion at 2).

While the statutory language that the crime be committed in an "especially heinous, cruel, or depraved manner" could raise constitutional vagueness concerns, the court finds the modifying phrase that the crime involve "torture or serious physical abuse to the victim" sufficiently narrows the class of murderers eligible for the death penalty. *United States v. Minerd*, 176 F.Supp.2d 424, 438 (W.D. Pa. 2001) (citing *Maynard v. Cartwright*, 486 U.S. 356, 364-65 (1988); *Walton v. Arizona*, 497 U.S. 639, 653-55 (1990), overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584 (2002)). Moreover, in an abundance of caution, the court intends to issue a limiting instruction to the jury which defines the terms "heinous," "cruel," "depraved," "torture," and "serious physical

abuse." The court is confident that the statutory limitation – which dispels any vagueness concerns by limiting the crime to those involving torture or serious physical abuse – and the court's limiting instruction, adequately provide the jury a "commonsense core meaning" with respect to the application of this aggravating factor. *United States v. Sampson*, 486 F.3d 13, 38 (1st Cir. 2007) ("This requirement [that a statutory aggravating factor provide adequate guidance to the factfinder] is satisfied when the factor, as expressed, furnishes a commonsense core of meaning that a factfinder can understand."); *United States v. Bourgeois*, 423 F.3d 501, 511 (5th Cir. 2005), *cert denied*, 126 S. Ct. 2020 (2006); *United States v. Jones*, 132 F.3d 232, 249-50 (5th Cir. 1998); *United States v. Grande*, 353 F.Supp.2d 623, 632-33 (E.D. Va. 2005); *United States v. Taylor*, 316 F.Supp.2d 730, 735-36 (N.D. Ind. 2004); *United States v. Sampson*, 335 F.Supp.2d 166, 201-07 (D. Mass. 2004); *United States v. Frank*, 8 F.Supp.2d 253, 277-78 (S.D.N.Y. 1998); *United States v. Hammer*, 25 F.Supp.2d 518, 540-41 (W.D. Pa. 1998); *United States v. Nguyen*, 928 F.Supp. 1525, 1534 (D.Kan. 1996). Accordingly, Defendant's motion to strike the "serious physical abuse" aggravating factor from the NOI is **DENIED**.

**V.  Defendant Brown's Motion to Strike Statutory Aggravating Factor – Pecuniary Gain – From the Notice of Intent to Seek the Death Penalty**

The NOI alleges that:

4.  [Defendant] participated in the commission of the murder of Ricky Green (Count Nine) for pecuniary gain, in that the murder was committed during the course of and to facilitate the December 20, 2005, robbery of cash and controlled

> substances at 3027 Sutherland Avenue, Indianapolis, Indiana
> [18 U.S.C. § 3592(c)(8)].

(NOI, Section B ¶ 4). The NOI, Section B, paragraphs 5 and 6 are nearly identical to paragraph 4, except that the Defendant is alleged to have committed the murder of Jahi Bell in paragraph 5, and the murder of David Twitty in paragraph 6. (NOI, Section B ¶¶ 5-6). The Defendant argues that the pecuniary gain aggravating factor should be stricken because the factor applies in murder-for-hire and insurance-murder scenarios, not in murders which occur during the course of a robbery.

The Defendant bases his argument on two federal circuit court cases. In *United States v. Chanthadara*, 230 F.3d 1237 (10th Cir. 2000), a restaurant owner was shot and killed during the commission of a robbery. *Id.* at 1245-46. On appeal, the defendant argued that the jury instruction on the pecuniary gain aggravating factor was erroneous because the jury was permitted to find the expectation of gain from the underlying felony as opposed to the actual killing; thus, no "further monetary gain could result from the homicide." *Id.* at 1263. The Tenth Circuit agreed with the defendant and held that the gain must be expected "as a result of the victim's death." *Id.* It reasoned that "the offense" language of the aggravator[2] had to refer to the homicide, rather than the robbery, because pecuniary gain with respect to the commission of a robbery is implicit. *Id.* Thus, the only error was the jury instruction's failure "to specify the offense to which it referred

---

[2] The pecuniary gain aggravator reads: "The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." 18 U.S.C. § 3592(c)(8).

was the homicide, not the underlying robbery. . . ." *Id*. at 1264.

In *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002), a couple was murdered after having been carjacked, robbed of their personal effects and ATM cards, and forced into the trunk. *Id*. at 472. The evidence at trial established that at the time of the murders, the couple's vehicle had already been stolen and the robbery complete. *Id*. at 472, 483. The motive for the murders was to prevent the victims from identifying the defendant. *Id*. at 483. The Fifth Circuit, relying in part on the holding in *Chanthadara*, found that the pecuniary gain aggravator was improperly submitted to the jury because the instructions did not require the jury to find that the pecuniary gain was expected to follow as a direct result of the murder, as opposed to the robbery. *Id*. at 483-84. The Court stated that "the application of the 'pecuniary gain' aggravating factor is limited to situations where 'pecuniary gain' is expected 'to follow as a direct result of the murder.'" *Id*. at 483 (quoting *Chanthadara*, 230 F.3d at 1263).

Neither *Chanthadara* or *Bernard* preclude a jury determination on the pecuniary gain aggravating factor. The NOI and the Third Superseding Indictment in the present case are consistent with *Chanthadara* and *Bernard* because they both allege that the murders, and not the robberies, were committed in the expectation of pecuniary gain. During the penalty phase, it will be the Government's burden to prove to the jury that "the offense" from which the Defendant expected to receive pecuniary gain is the murder of Ricky Green, Jahi Bell, and/or David Twitty. It will then be up to the jury to determine, based upon the facts presented, whether the Government has met its burden.

Clearly, as alleged, the Government has properly noticed the Defendant with regard to this aggravator and thus, Defendant's motion must be **DENIED**.

**VI.**  **Defendant Brown's Motion to Strike Non-Statutory Aggravating Factor – Future Dangerousness – From the Notice of Intent to Seek the Death Penalty, the Supplemental Notice of Intent to Seek the Death Penalty, and the Second Supplemental Notice to Seek the Death Penalty**

In addition to the statutory aggravating factors discussed above, the Defendant also seeks to strike the non-statutory aggravating factor of the Defendant's "future dangerousness" from the NOI. (NOI, Section C ¶ 1[3]). Defendant argues that Congress chose the statutory aggravators it did in order to focus the jury's attention to the defendant's criminal background, and that the "future dangerousness" non-statutory factor is, therefore, merely an expansion of the statutory factors. In other words, the Government's use of the "future dangerousness" non-statutory aggravating factor is improperly duplicative.

Non-statutory aggravating factors only come into play if the jury determines that the Defendant is guilty of intentional murder (i.e., Ricky Green, Jahi Bell, Vanessa Hankins, or David Twitty) and if the jury finds that the Government has proven the existence of at least one statutory aggravating factor. Before the jury determines that a sentence of death is appropriate, the non-statutory aggravating factors must outweigh any mitigating factors advanced by the defense. Thus, non-statutory aggravating factors help

---

[3] Specifically, the NOI alleges: "Future dangerousness based upon the probability that he would commit criminal acts of violence that would constitute a continuing threat to the lives and safety of others. . . ."

to ensure that a sentence of death is based upon an individualized consideration of the character of the offender and the circumstances of the offense. *Tuilaepa v. California*, 512 U.S. 967, 972 (1994).

With this understanding in mind, the court finds that "future dangerousness" is a valid non-statutory aggravating circumstance that the Government may advance at trial. The Defendant's prior convictions, bad acts, and lack of remorse are relevant to a determination as to whether death is an appropriate sentence in this case. While a jury must be informed that the Defendant, if convicted, faces either a sentence of death or life without parole, *Simmons v. South Carolina*, 512 U.S. 154, 178 (1994), the Defendant's prior convictions, bad acts, and lack of remorse are relevant as to his future dangerousness to prison inmates and officers and to society as a whole. *United States v. Allen*, 247 F.3d 741, 788 (8th Cir. 2001) ("A defendant in prison for life is still a risk to prison officials and to other inmates, and even though a life sentence without the possibility of parole greatly reduces the future danger to society from that particular defendant, there is still a chance that the defendant might escape from prison or receive a pardon or commutation of sentence."); *Bernard*, 299 F.3d at 482 (same). Accordingly, Defendant's motion is **DENIED**.

**VII.    Defendant Brown's Motion to Strike Multiple Non-Statutory Aggravating Circumstances From the Notice of Intent to Seek the Death Penalty – Relevance, Reliability, Probative Value, and Duplication**

The Defendant next challenges the Government's inclusion of certain non-statutory aggravating circumstances as being impermissibly prejudicial and duplicative. The non-statutory aggravating factors at issue include factors that are also included in the "Overt Acts" Section of Counts I and II of the Third Superseding Indictment (NOI, Section C ¶ 1 (a, b), ¶ 4, ¶ 5 (a-g)), such as the allegation that the Defendant "participated in the murder of Ricky Green, Jahi Bell, Vanessa Hankins, and David Twitty to advance and protect the [D]efendant's continued narcotics distribution and robbery activities." (NOI, Section C ¶ 4). The concern here is that in a weighing scheme, such "double counting" may skew the process and lead to a constitutionally invalid sentence of death.

The Supreme Court's decision in *Lowenfield v. Phelps*, 484 U.S. 231, 246 (1988), forecloses the Defendant's duplication argument, by holding that it is permissible for an aggravating factor to duplicate an element of the offense. *See Marshall v. Hendricks*, 307 F.3d 36, 83 (3d Cir. 2002) (holding that after *Lowenfield*, it is permissible for an aggravating factor to duplicate elements of the offense); *United States v. Higgs*, 353 F.3d 281, 315 (4th Cir. 2003) (stating that "the Eighth Amendment does not prohibit the use of an aggravating factor during the sentencing phase that duplicates one or more elements of the crime found at the guilt phase"); *United States v. Tipton*, 90 F.3d 861, 898 n. 19 (4th Cir. 1996) (holding that *Lowenfield* forecloses impermissible duplication claims). The

12

proviso to the Government's use of such duplicitous factors, of course, is that they serve the purpose "of narrowing the class of persons convicted of murder who are eligible for the death penalty." *Lowenfield*, 484 U.S. at 244.  The court is satisfied that at this juncture, these non-statutory aggravating factors serve that purpose.  Defendant's motion is therefore **DENIED** in part.

The Defendant also challenges the Defendant's juvenile criminal recklessness conviction (NOI, Section C ¶ 1(l)) as a permissible non-statutory aggravating factor.  This aggravating factor reads as follows:

> l.     On or about December 21, 1994, [Defendant] was convicted as a juvenile of criminal recklessness in Laporte County, Indiana.  During the incident in question, [Defendant] shot an 11 year old girl with a BB gun.

(NOI, Section C ¶ 1(l)).  The Defendant contends this aggravator does not assist the sentencing jury in distinguishing those who deserve a sentence of death from those who do not, but rather serves only to prejudice the jury into believing that he is a "bad guy."

As pointed out by the Government, federal law does not impose a blanket prohibition against the use of a defendant's juvenile conviction during the sentencing phase of a death penalty trial.  *Scott v. Dugger* 686 F.Supp. 1488, 1508 (S.D. Fla. 1988) (citing *Zant v. Stephens*, 462 U.S. 862, 887-88 (1983)).  However, the court finds that the Government's use of Defendant's juvenile conviction in this case is unfairly prejudicial in light of the fact that the conviction is more than ten years old.  Accordingly, the NOI, Section C, paragraph 1(l), alleging the same, is hereby stricken and thus, Defendant's

motion is **GRANTED** in part.

**VIII. Defendant Brown's Motion for Restrictions on Admission of Victim Impact Evidence and Points of Law and Defendant Brown's Motion to Strike Non-Aggravating Circumstance – Victim Impact – From the Notice of Intent to Seek the Death Penalty**

In the Defendant's final two motions, the Defendant seeks to strike the non-statutory aggravating factor of victim impact. The Defendant's primary concern is that this factor, as set forth in the NOI, does not narrow the class of murderers subject to the death penalty and thus, is impermissibly overbroad.

As an initial matter, victim impact testimony as a non-statutory aggravating factor is authorized by 18 U.S.C. § 3593(a)(2) and by the Supreme Court in *Payne v. Tennessee*, 501 U.S. 808, 827 (1991). Moreover, the Defendant's argument that the victim impact non-statutory aggravating factor is impermissibly overbroad was rejected by the Supreme Court in *Jones*, *supra*.:

> Of course, every murder will have an impact on the victim's family and friends and victims are often chosen because of their vulnerability. It might seem, then, that the factors 3(B) and 3(C) apply to every eligible defendant and thus fall within the Eighth Amendment's proscription against overbroad factors. But that cannot be correct; if it were, we would not have decided *Payne* as we did. Even though the *concepts* of victim impact and victim vulnerability may well be relevant in every case, *evidence* of victim vulnerability and victim impact in a particular case is inherently individualized. And such evidence is surely relevant to the selection phase decision, given that the sentencer should consider all of the circumstances of the crime in deciding whether to impose the death penalty.

527 U.S. at 401-02. In light of this holding, the Defendant's argument that this factor is overbroad fails as a matter of law. Indeed, other courts have routinely rejected this very

challenge to victim impact evidence. *Chanthadara*, 230 F.3d 1273-74; *Minerd*, 176 F.Supp.2d at 448; *United States v. Edelin*, 134 F.Supp.2d 59, 78-79 (D.D.C. 2001); *Frank*, 8 F.Supp.2d at 280. Accordingly, Defendant's motions are **DENIED**.

### IX. Conclusion

For the reasons set forth above, the court hereby rules as follows:

(1) Defendant Brown's Motion for Specification of Factual Basis for Gateway Intent Factors and Points of Law (Docket # 381) is **DENIED**;

(2) Defendant Brown's Motion to Strike Notice of Intent to Seek the Death Penalty, and Supplemental Notice of Intent to Seek the Death Penalty, and Second Supplemental Notice of Intent to Seek the Death Penalty As the Government's Notice Improperly Alleges All Four (4) Mental States With Regard to Each of the Four (4) Death-Eligible Offenses (Docket # 375) is **DENIED**;

(3) Defendant Brown's Motion to Strike Statutory Aggravating Factors – Grave Risk of Death – From the Notice of Intent to Seek the Death Penalty (Docket # 373) is **DENIED**;

(4) Defendant Brown's Motion to Strike Statutory Aggravating Factor – Serious Physical Abuse – From the Notice of Intent to Seek the Death Penalty (Docket # 369) is **DENIED**;

(5) Defendant Brown's Motion to Strike Statutory Aggravating Factors – Pecuniary Gain – From the Notice of Intent to Seek the Death Penalty (Docket # 371) is **DENIED**;

(6) Defendant Brown's Motion to Strike Non-Statutory Aggravating Factor – Future Dangerousness – From the Notice of Intent to Seek the Death Penalty, the Supplemental Notice of Intent to Seek the Death Penalty, and the Second Supplemental Notice of Intent to Seek the Death Penalty (Docket # 370) is **DENIED**;

(7) Defendant Brown's Motion to Strike Multiple Non-Statutory Aggravating Circumstances From the Notice of Intent to Seek the Death Penalty – Relevance, Reliability, Probative Value, and Duplication (Docket # 368) is **GRANTED** with respect to the Defendant's juvenile conviction and **DENIED** with respect to the balance of the Defendant's objections;

(8) Defendant Brown's Motion to Strike Non-Statutory Aggravating Circumstance – Victim Impact – From the Notice of Intent to Seek the Death Penalty (Docket # 374) is **DENIED**; and

(9) Defendant Brown's Motion for Restrictions on Admission of Victim Impact Evidence and Points of Law (Docket # 372) is **DENIED**.

**SO ORDERED** this 18th day of November 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Matthew P. Brookman
UNITED STATES ATTORNEY'S OFFICE - EV
Matthew.Brookman@usdoj.gov

John Earl Dowd
UNITED STATES ATTORNEY'S OFFICE
john.dowd@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov

Timothy Robert Dodd
jbland@evvlo.com

John Andrew Goodridge
jgoodridge@jaglo.com